# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL OWEN CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:19-cv-01739-CLM |
| ) | |
| CITY OF TRUSSVILLE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Michael Owen Campbell sues his employer, the City of Trussville, for discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). Trussville seeks to dismiss Campbell's amended complaint. *See* Doc. 23. Campbell seeks to amend his complaint for a second time. *See* Doc. 30. For the reasons stated within, the court will **GRANT in PART** and **DENY in PART** Trussville's motion to dismiss (doc. 23). The court will **DENY** Campbell's motion to amend (doc. 30).

## STATEMENT OF THE ALLEGED FACTS

**A. Campbell's employment:** Campbell is a 55-year-old police officer for Trussville. According to Campbell, the Trussville Police Department ("TPD") denied him a promotion to the rank of sergeant 10 times between 2012 and 2018.

1

Instead, the TPD has selected younger, less qualified, and less experienced candidates than Campbell to fill open sergeant positions.

In May 2018, Campbell raised concerns with two lieutenants that he was being passed over for sergeant selections in favor of younger, less qualified candidates. After this conversation, the TPD stopped assigning Campbell trainees, which caused him to lose out on some pay. When Campbell submitted a formal request for a trainee, the TPD denied the request without explanation and later terminated Campbell's involvement with the trainee program. Campbell alleges that the TPD has continued to retaliate against him since his conversation with the two lieutenants. For example, Campbell asserts that the TPD reassigned him to the 12:00 pm to 12:00 am shift and delayed responding to his requests to review his personnel file.

Campbell also asserts that the TPD has discriminated against him by continuing to assign him a 2012 Tahoe patrol vehicle. According to Campbell, since 2018 the TPD has assigned its newest vehicles to sergeants. The TPD then rotates vehicles down to officers by seniority. But the TPD has assigned many officers with less seniority than Campbell 2018 or newer model patrol vehicles, while Campbell's patrol vehicle is still a 2012 model. And several younger officers have asked Campbell why the TPD hasn't issued him a newer vehicle.

Campbell has continued to seek a promotion, and the TPD has continued to promote younger candidates over Campbell. Most recently, Campbell interviewed

for the newly created position of corporal. The TPD did not select Campbell for the corporal position, and instead, promoted four younger, less experienced officers to the position of corporal.

**B. This lawsuit:** Campbell filed an EEOC charge in May 2018, claiming that the TPD had discriminated and retaliated against him in violation of the ADEA. After the EEOC issued Campbell a notice of right to sue, he filed this suit. In his original complaint, Campbell alleged that the TPD discriminated against him by failing to promote him to the position of sergeant and retaliated against him by taking away his trainees. *See* Doc. 1.

In November 2020, Campbell moved to amend his complaint to include allegations of other acts of discrimination and retaliation that he says occurred after he sued Trussville. *See* Doc 17. The court granted Campbell's motion. *See* Doc. 21. Trussville now asks the court: (1) to dismiss certain allegations alleged in both Campbell's original and amended complaint, and (2) to dismiss Campbell's entire amended complaint. *See* Doc. 23. Campbell moves to amend his complaint for a second time, asserting that he has been unfairly barred from applying for a newly open sergeant position because he does not have a K9 certification and that the TPD has continued to retaliate against him for suing Trussville. *See* Doc. 30.

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## ANALYSIS

The parties' motions raise four questions: First, may Campbell recover compensatory damages? Second, are several of Campbell's claims time-barred? Third, does Campbell's amended complaint satisfy the pleading requirements of

*Twombly/Iqbal*? And finally, has Campbell met the requirements for filing supplemental complaints? The court answers each question in turn.

**A. Damages:** Trussville first moves the court to dismiss Campbell's claims for compensatory damages. "[N]either punitive damages nor compensatory damages for pain and suffering are recoverable under the ADEA." *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1446 (11th Cir. 1985). Instead, the only compensatory damages that an ADEA plaintiff can recover is the "net lost wages and benefits from the date of [the adverse employment action] to the date of [the] verdict." *See* Eleventh Circuit Pattern Jury Instructions (Civil Cases) § 4.10 (2020). So the court will grant Trussville's motion to dismiss Campbell's claims for compensatory damages to the extent that the court will dismiss his claims for mental anguish and emotional distress damages.

**B. Time Barred Acts:** Because Alabama is a non-deferral state, Campbell had to file his EEOC charge within 180 days of Trussville's alleged unlawful employment practices. *See Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir. 2003). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). So for discrete discriminatory acts, such as termination, failure to promote, denial of transfer, or refusal to hire, only those acts that fall within the filing period are actionable. *See id.* at 114. In contrast, claims

based on minor incidents that alone would not be actionable but which become actionable because of their "cumulative effect" are timely even if only one act falls within the filing period. *See id.* at 115–17.

1. <u>Promotions</u>: Campbell filed his EEOC charge on May 30, 2018. *See* Doc. 22-2. So the parties agree that Campbell cannot base his claims on adverse employment actions before December 1, 2017. And Campbell concedes, in both his amended complaint and response to Trussville's motion, that only 3 of the 10 sergeant promotions Trussville denied Campbell between 2012 and 2018 occurred within the filing period. *See* Doc. 22 ¶ 29; Doc. 25 at 2. The court will thus dismiss as untimely Campbell's allegations related to the 7 sergeant promotions before December 1, 2017 (Doc. 22 ¶¶ 20–24, 88–92).[1]

But the court agrees with Campbell that the allegations within ¶¶ 14–19, 82–87 of the amended complaint are not time barred. Those paragraphs provide information about how Trussville promotes its officers and about Campbell's qualifications for being promoted to the rank of sergeant. They do not include allegations related to adverse employment actions that happened before December 1, 2017. So the court finds that Campbell can use these allegations to support his

---

[1] Trussville also moves to dismiss claims that Trussville retaliated against Campbell for complaints of age discrimination made before December 1, 2017. But Campbell made the earliest complaint that he points to in support of his retaliation claims on May 15, 2018. *See* Doc. 22 ¶ 152. So the court finds that Campbell's retaliation claims are timely.

failure to promote claims and will deny Trussville's motion to dismiss these paragraphs as untimely.

2. <u>Vehicle assignment</u>: Although not discussed in Trussville's motion to dismiss, the parties also dispute whether allegations about Trussville's failure to assign Campbell a newer Tahoe patrol vehicle are timely. In his response brief, Campbell asserts that the court should not strike the allegations about his vehicle assignment because the refusal to assign him a new vehicle is an ongoing act of discrimination and retaliation.

In its reply brief, Trussville says that Campbell's vehicle assignment allegations should be dismissed because (a) the failure to assign Campbell a new vehicle is a discrete retaliatory or discriminatory act, and (b) Campbell's vehicle assignment allegations do not relate to his EEOC charge. But the court will not dismiss Campbell's allegations for either of these reasons.

First, the court does not read Campbell's allegations about the vehicle assignments to fall outside the relevant filing period. Although Campbell alleges that the TPD began using Tahoes as its primary patrol vehicle in 2012, he states that the TPD began to rotate vehicles down by seniority in 2018. *See* Doc. 22 ¶ 146. And Campbell points to his seniority level in 2019 to support his claims that the vehicle assignment shows that he is being treated less favorably than younger officers. *See id.* He does not assert that TPD should have assigned him a new vehicle before

December 1, 2017. So the court finds that Campbell's vehicle assignment allegations are timely.

Second, Trussville did not argue in its motion to dismiss that Campbell's complaint contained allegations that did not relate to his EEOC charge. Instead, Trussville first makes the argument that Campbell's vehicle assignment allegations do not relate to his EEOC charge in its reply brief. This court does not ordinarily consider arguments made for the first time in a reply brief. *See KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1328 n.4 (11th Cir. 2004). So the court will not consider the argument that Campbell's vehicle assignment allegations do not relate to his EEOC charge. But the court will allow Trussville to reassert this argument at the summary judgment stage.

* * *

In summary, the court will dismiss as untimely Campbell's allegations related to promotions before December 1, 2017. But the court will not dismiss as untimely (1) Campbell's allegations that provide background information about the TPD's promotional process/his qualifications, and (2) Campbell's allegations related to the assignment of patrol vehicles.

**C. Rule 12(b)(6):** Trussville also argues that the new allegations in Campbell's amended complaint fail to satisfy the pleading requirements set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But Trussville does not explain why it thinks Campbell's allegations are deficient. Instead, it merely states that under *Twombly/Iqbal* Campbell's new allegations fail to "rise to the level of sustainability, plausibility or heft required to pass judicial muster and the Amended Complaint (Doc. 22) is due to be dismissed entirely." Doc. 23 at 8. After reviewing Campbell's amended complaint, the court finds that he has adequately pleaded facts that support his claims for age discrimination and retaliation. So the court will not speculate about which facts Trussville contends are deficient. In short, the court will not dismiss Campbell's amended complaint for failing to state a claim under Rule 12(b)(6).

**D. Supplemental Pleading:** The final question is whether the court should let Campbell file supplemental pleadings. The court has already given Campbell one opportunity to supplement his pleadings. *See* Doc. 21. Trussville argues that this was a mistake. And Campbell asserts that the court should allow him to supplement his pleadings once again to include facts related to new alleged incidents of discrimination and retaliation.

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any

transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The same standard that applies to motions to amend a complaint applies to motions to file a supplemental complaint. *See Nance v. Ricoh Elecs., Inc.*, 381 F. App'x 919, 923 (11th Cir. 2010). So this court should freely give leave to supplement a complaint "when justice so requires." *See Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). Typically, this court must have a substantial reason, such as "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" to deny a motion to amend. *See id.* (quotations omitted). But because Campbell filed his motions to amend his complaint after the scheduling order's deadline to amend pleadings had expired, he must show good cause for amending his complaint. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998).

    1. <u>The first amended complaint</u>: The court finds that Campbell showed good cause for filing his first amended complaint. Because the new allegations in Campbell's first amended complaint concerned events that happened after Campbell sued Trussville, he could not have known about these allegations when he filed his original complaint. And Campbell moved to amend his complaint merely four days after the last adverse employment action that he says supports his discrimination and retaliation claims. So Campbell did not unduly delay moving to file his first amended

10

complaint. Plus, the new allegations in Campbell's amended complaint relate to the allegations in Campbell's original complaint and concern many of the same players. So, with the parties still engaged in discovery, judicial economy supported letting Campbell amend his complaint rather than requiring him to file a separate lawsuit. The court thus finds that Campbell had good cause to amend his complaint after the scheduling order's deadline to amend his complaint had expired.

For the same reasons why Campbell had good cause to amend his complaint, the court finds that the amended complaint did not result from undue delay, bad faith, or dilatory motive. The court has also found that the allegations in Campbell's amended complaint support his claims for age discrimination and retaliation, so amending the complaint was not futile.

And allowing Campbell to amend his complaint did not unduly prejudice Trussville. Although Trussville asserts that Campbell's new allegations may raise conflicts of interest, the court sees no apparent conflict of interest created by the new allegations asserted in Campbell's amended complaint. And while Campbell's new allegations require more discovery, the parties had several months between Campbell's motion to amend and the discovery deadline to participate in discovery. Trussville contends that Campbell's new allegations will "require a completely new and thorough time-consuming investigation into the things and matters complained of." Doc. 23 at 9. But that is true whether Campbell brings these allegations in an

amended complaint or in a new suit against Trussville. So the court will not dismiss Campbell's amended complaint for violating Rule 15(d)'s requirements.

2. <u>The motion to amend</u>: That said, the court will deny Campbell's motion to file a second amended complaint (doc. 30). Unlike when he moved to file a first amended complaint, Campbell moved to file his second amended complaint after the discovery deadline had passed. And this case, which Campbell filed about 18 months ago, needs to move forward. It cannot move forward if Campbell keeps filing supplemental complaints alleging that the TPD continues to retaliate against him and deny his requests for promotion. Plus, the denial of Campbell's motion does not prejudice him because he can bring a new case against Trussville based on its later conduct. *See Nance*, 381 F. App'x at 924. So the court will deny Campbell's motion to amend (doc. 30).

## CONCLUSION

For these reasons, the court will **GRANT in PART** and **DENY in PART** Trussville's motion to dismiss (doc. 23). The court will **DENY** Campbell's motion to amend (doc. 30). The court will also lift the stay on discovery deadlines and set a telephone status conference to discuss scheduling. The court will enter a separate order that carries out these findings.

**DONE** this April 26, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE